IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>MARCOS BARRON-OSEGUERA,<br><br>                              Defendant. | CASE NO.  1:06-CR-00023 LJO<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) (DOC. 47) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  The Court hereby denies the motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the district court found a base offense level of 38 pursuant to USSG § 2D1.1, due to the 1.6 kilograms of actual methamphetamine involved in his offense. After acceptance of responsibility, the adjusted offense level was 35, providing for a sentencing range of 235-293 months. However, because the defendant pleaded guilty to three counts with a maximum sentence of four years each, the defendant's sentence range became the 144-month maximum consecutive term of imprisonment pursuant to U.S.S.G. § 5G1.1(a). Although the amended guideline now results in an adjusted offense level of 33 and an amended sentencing range of 188 to 235months, by operation of U.S.S.C. § 5G1.1(a), the defendant's sentencing range is still capped at 144 months, the maximum consecutive sentence that can be imposed for his crimes. The defendant's sentencing range remains exactly what it was at the time of sentencing.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Accordingly, the defendant may not receive any relief under Section 1B1.10.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   **December 22, 2014**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE